JUDGMENT

This appeal from orders of the Federal Energy Regulatory Commission was presented to the court, and briefed by counsel. The court has accorded the issues full consideration and has determined they do not *2 warrant a published opinion. See D.C.Cir. Rule 36(b). It is
ORDERED and ADJUDGED that the petition be denied.
In the two orders under review here, FERC approved a new model for pricing electricity capacity within the areas administered by PJM Interconnection, L.L.C. PJM Interconnection, L.L.C., 117 FERC ¶ 61,331 (Dec. 22, 2006) (“Order Denying Rehearing and Approving Settlement Subject to Conditions”), order on reh’g, 119 FERC ¶ 61,318 (June 25, 2007) (“Order on Rehearing and Clarification and Accepting Compliance Filing”). In this petition, Public Service Electric and Gas Company (“PSEG”) is challenging the Orders because of alleged drawbacks in one aspect of the model — the mechanism for adjusting the Cost of New Entry (“CONE”) variable, which represents the annualized cost of installing a new peaking generator.
We are unconvinced that FERC acted either arbitrarily or capriciously in approving the model. The model calls for automatic adjustments to CONE, provided certain criteria are met. PSEG’s challenge to the automatic adjustment provision essentially amounts to the claim that the resultant adjustments are slow, infrequent, and small. But even to the extent that the automatic adjustment suffers from those characteristics, PSEG has failed to show that they render the resulting rates unjust or unreasonable, given FERC’s purpose, based on past experience, to enhance stability and predictability in the electricity capacity market. Id. at P 123. And even if the automatic adjustment mechanism were deficient, the absence of any challenge to the initial CONE, combined with PJM’s retained right to petition FERC for adjustment under § 205 of the Federal Power Act, would save the Orders’ reasonableness. PSEG is skeptical of the retained § 205 right, arguing that FERC’s 2008 decision denying just such an adjustment, see PJM Interconnection, L.L.C., 123 FERC ¶ 61,015 (Apr. 4, 2008), demonstrates its illusory nature. But PJM argues, and we agree, that the 2008 decision is best read as a reflection of PJM’s own failure to comply with procedural requirements — and nothing more. Id. at P 30 (“If PJM believes that CONE needs to be reset for its 2009 auction, it needs to follow the provisions in its existing tariff providing sufficient time for stakeholder review of the analysis and advance planning.”). Assuming PJM takes all necessary procedural steps, there is ample reason to think that the § 205 adjustment will adequately offset any deficiencies in the automatic mechanism.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.